IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CORTEZ N. MEADOWS, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Case No. CIV-23-581-PRW |
| CITY OF OKLAHOMA CITY, et al., | ) ) |
| Defendants. | ) ) ) ) |

# ORDER

Before the Court is Defendant City of Oklahoma City's ("City's") Motion to Dismiss Portion of Plaintiff's Complaint (Dkt. 11). Plaintiff, proceeding pro se, filed no response. The Court exercises its discretion to deem the Motion (Dkt. 11) confessed.[1]

This action arises out of an interaction between Plaintiff Cortez Meadows and four Oklahoma City Police Department ("OCPD") officers in the early morning of January 1, 2022. Plaintiff alleges that the OCPD officers ordered him to step out of his house, and that one of the officers, while holding Plaintiff at gunpoint, referred to him using a racial slur. Plaintiff states that he timely filed a claim with Defendant City pursuant to the Governmental Tort Claims Act ("GTCA"),[2] the Oklahoma statute permitting tort suits

---

[1] LCvR7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed.").

[2] Okla. Stat. tit. 51, §§ 151–200.

1

against the state and political subdivisions. Per Plaintiff, Defendant City did not respond to his GTCA claim.

Plaintiff then filed the present Complaint (Dkt. 1) on July 3, 2023. Plaintiff alleges four causes of action: (1) a 42 U.S.C. § 1983 violation by Defendant Clark; (2) 42 U.S.C. § 1983 violations by the other OCPD Defendants; (3) a violation of Article 2, Section 7 of the Oklahoma Constitution by Defendant Clark and Defendant City; and (4) failure by Defendant City to properly train and supervise the Defendant officers. Defendant City now moves for dismissal of the claims levied against it.

The GTCA provides the exclusive mechanism for bringing tort suits "arising from common law, statute, the Oklahoma Constitution, or otherwise" against the state of Oklahoma or its political subdivisions.[3] Plaintiff's third claim, alleging a violation of the Oklahoma Constitution, is therefore governed by the GTCA's procedures.[4] Those procedures require a would-be plaintiff to first present his claim to the state or political subdivision.[5] The state or political subdivision has ninety days from receipt to either approve or deny the claim.[6] If the state fails to respond within ninety days, the claim is deemed denied.[7] The plaintiff has 180 days following claim denial within which to file

---

[3] § 153.

[4] *See Barrios v. Haskell Cnty. Pub. Facilities Auth.*, 432 P.3d 233, 238–39 (Okla. 2018).

[5] § 156.

[6] § 157.

[7] § 157.

suit.[8] The GTCA "requires strict enforcement of a 90–plus 180–day jurisdictional limitation period after notice."[9] A "failure to meet the 180-day time limit operates to bar judicial enforcement of a claim against the government."[10]

Plaintiff's Complaint does not specify the date on which he presented his initial claim to Defendant City. In its Motion, Defendant City states that it received Plaintiff's claim on October 3, 2022. As noted above, Plaintiff filed no response disputing the Motion. Both Plaintiff and Defendant City agree that no action was taken on Plaintiff's claim. The claim was therefore deemed denied ninety days after its receipt, on January 1, 2023. Plaintiff then had 180 days within which to bring the present suit, or until June 30, 2023. Plaintiff filed his Complaint on July 3, 2023, outside of the GTCA's limitations period. As such, Plaintiff's claim alleging violations of the Oklahoma Constitution must be dismissed as it relates to Defendant City.

Defendant City advances two arguments for why claim four should also be dismissed. First, Defendant City notes that Plaintiff fails to specify what law claim four arises under. Plaintiff alleges that Defendant City "failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens" and "failed to properly sanction or discipline police officers, including the defendants in this case for violations of the constitutional rights of citizens,"[11] but does not tie these alleged failings to a statutory

---

[8] § 157.

[9] *Griffey v. Kibois Area Transit Sys. (KATS)*, 328 P.3d 687, 689 (Okla. Civ. App. 2013).

[10] *Cruse v. Bd. of Cnty. Comm'rs of Atoka Cnty.*, 910 P.2d 998, 1004 (Okla. 1995).

[11] Pl.'s Compl. (Dkt. 1), ¶¶ 36, 37.

or constitutional provision. Construing the pleading liberally, the Court presumes that claim four, like claims one and two, proceeds under 42 U.S.C. § 1983.[12]

Defendant City next contends that, even assuming claim four can be construed as a § 1983 failure to train or supervise claim, Plaintiff nevertheless fails to plausibly allege the elements of such a claim. To plead a failure to train or supervise, Plaintiff must plausibly allege three elements: (1) the existence of a [city] policy or custom involving deficient training [or supervision]; (2) the policy or custom's causation of an injury; and (3) the [city]'s adoption of a policy or custom with deliberate indifference.[13] Defendant City argues that Plaintiff offers only "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," rather than factual allegations.[14]

The Court finds that the Complaint fails to allege any specific facts to flesh out the failure to train or supervise claim. To state a claim and survive a 12(b)(6) motion to dismiss, "labels and conclusions" or "a formulaic recitation of the elements of a cause of action"

---

[12] Defendant City argues that claim four is subject to the same GTCA process and time bar described above. It is not. Section 1983 claims are governed by the most analogous limitation period provided by state law. 42 U.S.C. § 1988. In Oklahoma, that is the two-year statute of limitations period for "an action for injury to the rights of another." Okla. Stat. tit. 12, § 95(A)(3); *see Brewer v. Okla. ex rel. Dep't of Corr.*, No. CIV-06-204-RAW, 2006 WL 8459185, at *1 (E.D. Okla. Sept. 29, 2006).

[13] *Lance v. Morris*, 985 F.3d 787, 800 (10th Cir. 2021); *see also Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).

[14] *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

are not enough.[15] Plaintiff has failed to nudge claim four from possible to plausible, and therefore it must be dismissed.

For the reason discussed above, Defendant City's Motion (Dkt. 11) is **GRANTED**. Claim three, insofar as it relates to Defendant City, and claim four of the Complaint (Dkt. 1) are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 15th day of February 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).